### REUBEN HOYLE *et al. vs.* R. M. WHITENER *et al.*

In construing a will where it is not punctuated, and is very ungrammatical, it ought to be so read as to make it consistent and sensible;

Therefore, where a clause of a will is in these words: "Also all my live stock to be divided between my wife, Amy Blandina Maria and Michael; all my land and plantation, with all the buildings, I give and bequeath unto the above named Michael Whitener; all my vessels and stands and my wind mill or fan, all dues by note or book account I also give to my son Michael Whitener." *It was held*, that by a proper construction of the clause the land was devised to Michael Whitener.

Action to recover possession of land, tried before *Mitchell*, *J.*, at Spring Term, 1872, of Catawba Court.

The plaintiff and defendant R. M. Whitener are heirs at law of David Whitener. Plaintiffs claim, as heirs at law, two-thirds of the land. R. M. Whitener claims the whole under the will of his father David Whitener. The question submitted to the Court was, whether under a proper construction of the will the defendant was entitled to the whole or his portion as heir at law. The clause of the will alleged to embrace the land is as follows: "Also all my live stock to be divided between my wife Amy Blandina Maria and Michael; all my land and plantation with all the buildings thereon I give and bequeath unto the above named Michael Whitener; all my vessels and stands and my wind mill or fan, all dues by note or book account I also give and bequeath unto my son Michael Whitiner." The Court held that under the will the defendant was entitled to the whole of the land. Plaintiff excepted.

Verdict for defendant. Judgment and appeal.

*Hoke, Bynum* and *Dupre,* for plaintiffs.
No counsel for defendants.

Read, J. The question is, whether the land in dispute is given in the will to the defendant Michael Whitiner. The

difficulty in construing the will grows out of the fact, that it is not punctuated and is ungrammatical. Reading the will so as to make it consistent and sensible, we are of the opinion that the land in dispute is given to the defendant Michael Whitener.

There is no error.

